UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
-------------------------------------------------------------------X
MICHEL GAUTHIER,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK,
POLICE OFFICER DIANA TORRES, and
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-4,

                              Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

      Plaintiff, MICHEL GAUTHIER, for his complaint, by his attorney, WILLIAM J. RITA, ESQ., upon information and belied, respectfully alleges as follows:

                              I.      PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff MICHEL GAUTHIER (hereinafter "GAUTHIER" or "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Forth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about July 25, 2019, GAUTHIER was falsely arrested by employees of the City of New York, including but not limited to POLICE DIANA TORRES. As a result of the violation of his constitutional rights, GAUTHIER suffered physical and mental injuries.

                              II.      JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §133`, which provides jurisdiction over all cases brought pursuant to the

Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III.   PARTIES

3. GAUTHIER at all times relevant hereto resided in New York, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER DIANA TORRES (hereinafter "TORRES") and POLICE OFFICERS JOHN/JANE DOE(S)#1-4 ("JOHN/JANE DOE(S)#1-4 ") were NYPD police officers, and at all relevant times hereto, acted in that capacity s agents, servants, and employees of Defendant CITY and within the scope if their employment. TORRES and JOHN/JANE DOE(S)#1-4 are sued in their official and individual capacity.

6. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### IV.   FACTS

7. On or about July 25, 2019, GAUTHIER found a cell phone that was lost by an individual. GAUTHIER contacted the phone number of the person who had lost the cell phone.

8. As a result of that phone conversation, GAUTHIER went to the A-Loft Hotel, where he met the Plaintiff and returned the phone. Defendant Police Officer TORRES and four JOHN DOE Officers arrived two minutes thereafter and placed GAUTHIER under arrest.

9. GAUTHIER was detained for approximately 4.5 hours at the 109th Precinct at which time GUATHIER's blood pressure spiked and reached dangerous levels and he was taken to a local Hospital.

10. GAUTHIER was under Police restraint for five hours with ankle and wrist handcuffs at the Hospital before being taken to central booking.

11. GAUTHIER's blood pressure spiked again to dangerous levels at central booking at which time he was transported to Bellevue Hospital while being handcuffed and under police custody.

12. Doctors at Bellevue hospital made inquiry as to whether GAUTHIER was suicidal or had a murderous intent. GAUTHIER replied in the negative. GAUTHIER remained at Bellevue Hospital from midnight, July 26, 2019, until approximately 3 A.M. to 4 A.M. on July 26, 2019.

13. Form Bellevue Hospital, GAUTHIER was then returned to the 109th Precinct. GAUTHIER was then returned to Queens Central Booking and was released upon appearing before the Judge on his own recognizance at approximately 10:00 A.M. on July 26, 2019.

14. GAUTHIER was charged with one count of PL165.40, criminal possession of stolen property and one count of PL155.25, petit larceny.

15. GAUTHIER was required to appear in court approximately two (2) additional times on different dates and the charges were dismissed and sealed on or about October 29, 2019.

16. That action is being commenced within 3 years of the occurrence.

## V.     FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

17. Paragraphs 1 through 16 of this complaint are hereby realleged and incorporate by reference herein.

18. That Defendants had neither valid evidence for the arrest of GAUTHIER nor legal cause or excuse to seize and detain him.

19. That in detaining GAUTHIER without fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. GAUTHIER was but one of those persons. There is also a proclivity for this abuse to occur against citizens who are African American as is GAUTHIER.

20. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

21. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

22. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of GAUTHIER's rights alleged herein.

23. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law within the scope of its authority, in gross and wanton disregard of GAUTHIER's rights, subjected GAUTHIER to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

24. By reason of the foregoing, GAUTHIER suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI.   SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

25. Paragraphs 1 through 24 are hereby realleged and incorporated by reference herein.

26. That the seizure, detention and imprisonment of GAUTHIER was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

27. The Defendants intended to confine GAUTHIER.

28. That GAUTHIER was conscious of the confinement and did not consent to it.

29. That the confinement was not otherwise privileged.

30. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of GAUTHIER's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

31. That by reason of the foregoing, GAUTHIER suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

32. Paragraphs 1 through 31 are hereby realleged and incorporated by reference herein.

33. That Defendants, with malicious intent, arrested GAUTHIER and initiated a criminal proceeding despite the knowledge that GAUTHIER had committed no crime.

34. That all charges against GAUTHIER were terminated in his favor.

35. That there was no probable cause for the arrest and criminal proceeding.

36. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of GAUTHIER's rights, deprived GAUTHIER of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

37. That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, GAUTHIER was maliciously prosecuted despite the fact he had committed no violation of the law.

38. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents

and employees, thereby failing to adequately discourage further constitutional violations on the part of their offices, staff, agents, and employees.

39. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

40. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of GAUTHIER's rights alleged herein.

41. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

42. That upon information and belief, in 2019, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

43. That by reason of the foregoing, GAUTHIER suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII.   FOURTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That Defendants acted with malicious intent, arrested Plaintiff GAUTHIER and initiated a criminal proceeding despite the knowledge that GAUTHIER had committed no crime.

46. All charges against GAUTHIER have been dismissed.

47. That there was no probable cause for the arrest and criminal proceedings.

48. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of GAUTHIER's rights, deprived GAUTHIER of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

49. That by reason of the foregoing, GAUTHIER suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damages to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### IX.    FIFTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

50. Paragraphs 1 through 49 are hereby realleged and incorporated by reference herein.

51. By fabricating evidence, defendants violated GAUTHIER's constitutional right to a fair trial.

52. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

53. As a result of the above constitutionally impermissible conduct, GAUTHIER was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### X.    SIXTH CAUSE OF ACTION
Pursuant to § 1983 (FAILURE TO INTERVENE)

54. Paragraphs 1 through 53 are hereby realleged and incorporated by refence herein.

55. That Defendants failed to intervene when Defendants knew or should have known that GAUTHIER's constitutional rights were being violated.

56. That Defendants had a realistic opportunity to intervene on behalf of GAUTHIER, whose constitutional rights were being violated in their presence.

57. That a reasonable person in the Defendants' position would know that GAUTHIER's constitutional rights were being violated.

58. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of GAUTHIER's rights, deprived GAUTHIER of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of GAUTHIER's rights pursuant to Fourteenth Amendment of the United States Constitution.

59. That upon information and belief, Defendants had a policy and/or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, GAUTHIER was not protected from Defendants' unconstitutional actions.

60. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

61. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

62. That the above described policies and custos demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of GAUTHIER's rights alleged herein.

63. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

64. That by reason of the foregoing, GAUTHIER suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XI.    SEVENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

65. Paragraphs 1 through 64 are hereby realleged and incorporated by reference herein.

66. That Defendants were acting in furtherance of the duties owed to their employer, Defendant CITY.

67. That at all ties Defendants were acting within the scope of their employment.

68. That Defendant CITY was able to exercise control over Defendants activities.

69. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, GAUTHIER suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may permanent.

### INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, GAUTHIER has suffered and will continue to suffer economic and physical injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of

employment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced several emotional and physical distress.

**WHEREFORE**, GAUTHIER respectfully requests that judgement be entered:

1. Awarding GAUTHIER compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding GAUTHIER punitive damages in an amount to be determined by a jury;

3. Awarding GAUTHIER interest from July 25, 2019;

4. Awarding GAUTHIER reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: New York, New York
January 9, 2020

_____
WILLIAM J. RITA, ESQ.
*Attorney for Plaintiff*
291 Broadway, Suite 1616
New York, NY 10007
Tel: (212) 766-1001